# IN THE COURT OF APPEALS OF IOWA

No. 22-1056
Filed July 13, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JESSE DEAN HELT,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, John C. Nelson, District Associate Judge.


A defendant appeals his conviction, challenging the sufficiency of the evidence. **AFFIRMED.**


Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for appellant.

Brenna Bird, Attorney General, Kyle Hanson and Nick Siefert, Assistant Attorneys General, and Kadison Robert, Law Student, for appellee.


Considered by Ahlers, P.J., Badding, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**BADDING, Judge.**

On the evening of November 15, 2021, Steve Simmons—a martial-arts expert and self-defense instructor—was at home watching a movie with his girlfriend when they "heard a lot of screaming and yelling, both from a male and female outside." The male was later identified as defendant Jesse Helt. Because the altercation sounded "real heated," Simmons went outside. Across the street in front of a closed business, Simmons saw a woman "in the fetal position on the ground and the man was standing above her with his hands pointing at her yelling at her. All kinds of obscenities." Simmons told his girlfriend to call the police. Then, Simmons yelled at Helt to "leave her alone, don't touch the woman, at which point his aggression turned" to Simmons.

Helt "started walking towards [Simmons], maybe about halfway across the parking lot yelling and screaming." Helt then told Simmons, "get the fuck out of here, I'll shank you." Knowing that his girlfriend had called the police, Simmons started walking toward the street while Helt kept advancing on him. When Helt was about fifteen feet away, Simmons said that Helt pulled a knife out of his right pocket, with an approximately three-inch long fixed blade, and told Simmons that he would stab him. Helt then began to aggressively circle Simmons, like he was "about to pounce." Simmons told Helt that the police were on their way just as sirens began blaring in the distance. Helt fled on foot and was arrested later.

During his testimony at Helt's trial, Simmons said that when Helt pulled the knife out, he knew "it was a life or death situation . . . with him being as close as he was to me." When asked by the State, "[W]ith your background in self-defense and martial arts, is a short knife still a dangerous knife?" Simmons answered,

"Absolutely. A one inch knife can cut most major arteries in your body. There's no question about it. A short knife is easily maneuverable and probably just as dangerous if not more."

On these facts, a jury found Helt guilty of assault while displaying a dangerous weapon. Helt appeals that conviction, arguing the evidence was insufficient to show he displayed a dangerous weapon.[1] We review his challenge for correction of errors at law, giving high deference to the verdict. *State v. Burns*, 988 N.W.2d 352, 370 (Iowa 2023). In doing so, "[w]e view the evidence 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017) (citation omitted). We will uphold a conviction if the evidence can convince a rational jury that the defendant is guilty beyond a reasonable doubt. *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018).

Helt does not seem to dispute that he brandished a knife. Instead, he claims that knife is not a dangerous weapon under Iowa Code section 702.7 (2021) because it does not fit within one of the supreme court's

> three approaches which can be used to analyze whether an instrument or device meets the statutory definition of a dangerous weapon: (1) an instrument or device which is "designed primarily for use in inflicting death or injury upon a human being or animal, and which is capable of inflicting death upon a human being when used in the manner for which it was designed"; (2) an instrument or device "which is actually used in such a manner as to indicate that the

---

[1] Along with his sufficiency-of-evidence challenge, Helt also suggests the verdict was "otherwise contrary to the weight of the evidence." While he provides boilerplate citations on the standard of review for weight-of-the-evidence challenges, we consider this issue waived because "he provides no free-standing substantive argument concerning the weight of the evidence." *State v. Rivers*, No. 18-0365, 2019 WL 2150807, at *1 n.2 (Iowa Ct. App. May 15, 2019); *accord* Iowa R. App. P. 6.903(2)(g)(3).

defendant intends to inflict death or serious injury upon the other, and which, when so used, is capable of inflicting death upon a human being"; or (3) an instrument or device listed in the statute that has been defined as a dangerous weapon per se . . . .

*State v. Howse*, 875 N.W.2d 684, 689 (Iowa 2016) (quoting Iowa Code § 702.7).

Zeroing in on the second approach, Helt only argues "there was no evidence that [he] ever made any movements of lunging toward Simmons with the alleged knife."[2] But "movements of lunging" are not required to find that a knife is a dangerous weapon. Instead, "an accused satisfies this definitional requirement when the accused objectively manifests to the victim his or her intent to inflict serious harm upon the victim." *State v. Ortiz*, 789 N.W.2d 761, 767 (Iowa 2010). That requirement was met here. Simmons testified that Helt pulled out the knife and threatened to stab him. Helt then circled Simmons aggressively, like he was going to pounce. From this evidence, a rational jury could conclude the knife was used in a manner that indicated Helt's intention to inflict serious injury or death and, if so used, the knife was capable of doing so.

Finding the verdict is supported by substantial evidence, we affirm.

**AFFIRMED.**

---

[2] We note the only case Helt cites as to the second approach, *State v. Ortiz*, 905 N.W.2d 174 (Iowa 2017), is distinguishable. In that case, the jury found for the defendant on whether he was armed with a dangerous weapon and therefore displayed one. *Ortiz*, 905 N.W.2d at 182. Thus, the only issue was whether the defendant had the intent to inflict serious injury for purposes of second-degree robbery.